UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

WILLIAM A. MUSE                          CIVIL ACTION NO. 3:09-CV-2230
    LA. DOC #502435
VS.                                      SECTION P

                                         JUDGE ROBERT G. JAMES

OUACHITA PARISH SHERIFF'S
DEPARTMENT, ET AL.                       MAG. JUDGE KAREN L. HAYES

<u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff William A. Muse, proceeding *in forma pauperis*, filed the instant civil

rights complaint pursuant to 42 U.S.C. §1983 on December 23, 2009.  Plaintiff is an inmate in

the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is

incarcerated at the C. Paul Phelps Corrections Center, DeQuincy, Louisiana, but he complains

that he was wrongfully  punished for a disciplinary rules violation which was alleged to have

occurred  while he was a trusty at the Ouachita Parish Corrections Center (OPCC) in Monroe,

Louisiana. Plaintiff sued the Ouachita Parish Sheriffs Department, Ouachita Parish Sheriff Royce

Toney, Chief Deputy Russell,  OPCC Warden Brian Newcomer, Col.  Harris, and corrections

officers Stewart, and Jenkins.

In his original complaint, plaintiff prayed for compensatory damages and injunctions

directing the defendants to produce a copy of the inmate grievance he filed on December 3, 2009,

and ordering them to abide by their own prison rules. He also requested an order directing the

LDOC "... to provide [him] an environment or facility where plaintiff can be reinstated

privileges." [Doc. 1, ¶V] In a subsequent pleading filed on January 29, 2010, plaintiff requested

an injunction prohibiting the defendants from further investigating and prosecuting the alleged

disciplinary rules violation. [Doc. 6] In a Supplemental Complaint plaintiff asked for an order directing the LDOC to reinstate the 90 days of good time that were forfeited at the conclusion of the disciplinary hearing. [Doc. 7]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§1915 and 1915A.

### *Background*

On December 2, 2009, plaintiff, an inmate in the custody of the LDOC, was a trusty at the OPCC. On that date Chief Deputy Russell and Sheriff Toney accused plaintiff of lewd behavior in the presence of a female employee of the District Attorney's Office.  Plaintiff denied the allegation and returned to his work assignment. Thereafter he was approached by Lt. Judd  who, on orders from Col. Harris, escorted plaintiff to OPCC's booking department.

Lt. Stewart and Cpl. Jenkins advised plaintiff that he was being placed in "lock-down" Cell B-1.  While in lock-down, plaintiff was not given any hot meals or water and was exposed to unsanitary conditions for an unspecified period of time. Plaintiff eventually fell asleep in the lock-down cell and was awakened by a corrections officer who escorted him to the trusty dormitory and directed him to pack his belongings. Plaintiff was apparently then transferred to another section of the prison.  Plaintiff wrote a grievance addressed to Warden Newcomer which complained about having been stripped of his trusty privileges without due process. [Doc. 1, p. 10] Within an hour he received an LDOC Disciplinary Report from a corrections sergeant. That

afternoon, he was interrogated by investigators with the Ouachita Parish Sheriff's Office. Plaintiff was advised that he would not be booked on a criminal charge of obscenity and he wrote another grievance to Warden Newcomer complaining that he had been falsely accused and unfairly treated. Plaintiff requested a transfer to some other place where his trusty privileges could be restored. [Doc. 1, p. 11]

Plaintiff filed a formal Administrative Remedies Procedure grievance on December 3, 2009. He rejected the response of Sgt. Tilsbury dated December 4, 2009. On December 7, 2009, he met with corrections officers who advised him that they were merely following the directives of their superiors. Plaintiff appealed the rejection of his ARP; however, he did not receive a timely response to his appeal.

On January 29, 2010, plaintiff filed a petition for permanent injunction asking the Court to order the LDOC to "halt any and all investigation and/or prosecution pertaining to the disciplinary report written by Warden Brian Newcomer on December 2, 2009." [Doc. 6] According to plaintiff, an investigative report prepared by the Ouachita Parish Sheriff's Office was forwarded to the District Attorney, but as of the date his pleadings were filed, that agency had taken no action against him.

Meanwhile, on January 21, 2010, he was taken before the LDOC's Disciplinary Board regarding this and other "baseless" allegations. The chairman of the disciplinary board upgraded the charges to some more serious violation.

On February 1, 2010, plaintiff filed a Supplemental Complaint in which he provided additional factual details. [Doc. 7] According to this supplemental pleading plaintiff  was placed in Cell B-1 on the morning of December 16, 2009,  in retaliation for having filed grievances.

3

According to plaintiff, he was fed "sack lunches" and was not provided a sleeping mat until the following afternoon. He remained in that cell until the early morning of December 21, 2009, when he was transferred to Camp Beauregard and then to Elayn Hunt Correctional Center, St. Gabriel. According to plaintiff, the disciplinary report authored by Warden Newcomer was placed in his folder and he was questioned about the incident by the classification officer at Hunt.

On January 21, 2010, a disciplinary hearing was convened; however, it was continued to another date when the hearing officer discovered that the disciplinary report failed to allege a date or time of the offense.  On January 28, 2010, the hearing was re-convened. The Board noted the lack of evidence supporting the obscenity charge;  the Chairperson reduced the charged offense and proceeded to try plaintiff on a charge that he had given a letter and "some cards" to an individual named Brittney Jones while he was working his trusty job at the Courthouse Annex. Plaintiff ultimately admitted to this charge (the testimony and evidence of which was also set forth in the investigative report prepared by the Ouachita Parish Sheriff's Office) and 90 days of accumulated good time credits were forfeited.

As stated above, plaintiff now asks for $10,000,000 in damages and a like amount in punitive damages. He also wants a "formal apology from the Ouachita parish Sheriff's Office, an "... order declaring Cell B-1 as a unconstitutional confinement for prisoners;" and, an injunction directing the LDOC to reinstate the 90 days of good time credit which were forfeited.

### Law and Analysis

### 1. Screening

Plaintiff has been allowed to proceed *in forma pauperis*. When a prisoner sues an officer or employee of a governmental entity in a civil rights complaint, the court is obliged to evaluate

the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A;  28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if  it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits  alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim

5

if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A.*
*(Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint alleges facts sufficient to conduct and conclude a preliminary
screening pursuant to §1915 and §1915A. Accepting all of plaintiff's allegations as true, the
undersigned concludes, for the reasons stated hereinafter, that his complaint should be dismissed
with prejudice.

### 2. Habeas Corpus

In his supplemental complaint plaintiff specifically requested reinstatement of the good
time credits that were forfeited as a result of his disciplinary rules conviction.  However, plaintiff
may not seek restoration of forfeited good time credits in a civil rights action. See *Clarke v.*
*Stalder*, 154 F.3d 186, 189 (5th Cir.1998) (*en banc*). The restoration of forfeited good time
credits must be pursued in a *habeas corpus* action filed pursuant to 28 U.S.C. §2241. See *Preiser*
*v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  Such action must be
filed in the district court where the prisoner is in custody, and, the proper respondent is the
person exercising custody over the prisoner. See 28 U.S.C. §§ 2241(d) and  2243.  Finally, before
a petitioner may seek federal *habeas corpus* relief, he must first exhaust available State court
remedies. *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir.1987); see also  *Serio v.*
*Members of Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1987).

To the extent that plaintiff seeks restoration of good time credits in this civil rights action,
he fails to state a claim for which relief may be granted and that claim is subject to dismissal on
those grounds.

### 3. *Heck/Balisok Considerations*

Plaintiff's claims for declaratory judgment and money damages fare no better. A claim for declaratory judgment or damages arising from the loss of good time credits is not cognizable until a prisoner can show that the challenged disciplinary action has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. See *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (When a prisoner seeks damages in a civil rights suit, the district court must consider whether judgment in favor of prisoner would necessarily imply the invalidity of his conviction or sentence; if so, the complaint must be dismissed unless prisoner can demonstrate that conviction or sentence has already been invalidated.); *Edwards v. Balisok*, 520 U.S. 641, 648-49, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (A "conviction" for purposes of the *Heck* analysis includes a ruling in a prison disciplinary proceeding that results in a change in the prisoner's sentence, including loss of "good time" credits.)

Plaintiff claims that the original obscenity charges filed against him were false and baseless; however, it appears that he admitted to the amended charges involving Ms. Jones. In either case, a judgment in favor of plaintiff on this complaint would necessarily call into question the validity of the complained of disciplinary rules violation and conviction. Since plaintiff has not shown that his disciplinary conviction has been reversed, expunged, declared invalid, or called into question,  his claims for declaratory relief and money damages must be dismissed

with prejudice as frivolous.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996).[1]

Therefore

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint, insofar as it seeks restoration of forfeited good time credits, be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted; and,

**IT IS FURTHER RECOMMENDED THAT** plaintiff's civil rights complaint, insofar as it seeks declaratory or monetary relief,  be **DISMISSED WITH PREJUDICE (TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET**) as frivolous in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

---

[1] Plaintiff's original complaint – that he was denied due process with regard to his confinement in Lockdown Cell B-1and his loss of trusty status – would also be subject to dismissal for failing to state a claim for which relief might be granted pursuant to 42 U.S.C. § 1983 because "[t]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The federal jurisprudence holds, that while the states may under certain circumstances create rights that implicate Due Process, such rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.  In other words, when a prisoner is lawfully incarcerated, he loses by virtue of his confinement, many of the rights and privileges that most citizens enjoy. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir.1997). Thus, "... mere[ ] changes in the conditions of [ ] confinement ... do not implicate due process concerns." See *Madison*, 104 F.3d at 768; see also *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.1999) ("Inmates have no protectable property or liberty interest in custodial classifications.").

(14) days following the date of its service, or within the time frame authorized by

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or

the legal conclusions accepted by the District Court, except upon grounds of plain error.

*See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, March 26, 2010.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE

9