RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 5/6/10
BY_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| WILLIAM A. MUSE | CIVIL ACTION NO. 09-2230 |
| VERSUS | SECTION P |
| OUACHITA PARISH SHERIFF'S DEPARTMENT, ET AL. | JUDGE ROBERT G. JAMES |
| | MAGISTRATE JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a civil rights action filed by Plaintiff William A. Muse ("Muse") pursuant to 42 U.S.C. § 1983. On March 26, 2010, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 14], recommending that the Court dismiss Muse's claims as frivolous and for failing to state a claim upon which relief can be granted.

On April 12, 2010, the Clerk of Court filed Muse's objections [Doc. No. 15] to the Report and Recommendation.

Having reviewed the Magistrate Judge's Report and Recommendation and the record in this matter, including Muse's objections, the Court ADOPTS the Report and Recommendation and DISMISSES Muse's action for failure to state a claim. The Court issues this Ruling to address Muse's contention that the Magistrate Judge did not consider two of his claims.

First, Muse contends that the Report and Recommendation failed to address his claim that he was denied due process when he was "improperly placed in administrative lockdown after being stripped of his trusty job." [Doc. No. 15, ¶1]. In support of this claim, Muse "contends that O.C.C. has a policy that requires prisoners [sic] charges to be dismissal [sic] if they are

improperly placed in administrative lockdown." [Doc. No. 15, ¶ 3].

However, on page 8, footnote 1 of the Report and Recommendation, the Magistrate Judge addressed Muse's claim. She specifically recommended that the Court find that Muse suffered no due process injury as a result of his placement for some period of time in administrative segregation.[1]

Second, Muse contends that the Report and Recommendation failed to address his claim that the LDOC disciplinary report in his file should be rescinded. [Doc. No. 15, ¶ 2]. However, this claim requires the Court to issue a declaratory judgment that would call into the question "the validity of the complained of disciplinary rules violation and conviction." [Doc. No. 14, p. 7]. Thus, under *Heck*, Muse cannot proceed with such a claim until he can show that his disciplinary conviction has been reversed, expunged, declared invalid, or called into question.

Thus, the Court finds that the Report and Recommendation properly addressed the two claims about which Muse objects and for these reasons, as well as those stated in the Report and Recommendation, Muse's Complaint is subject to dismissal.

MONROE, LOUISIANA, this 6 day of May, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] From Muse's description, it appears that, at most, he was placed in an administrative cell overnight. *See Harper v. Showers*, 174 F.3d 716 (5th Cir. 1999) (placement of prisoner on lockdown under 24-hour observation did not implicate due process).