**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **WILLIAM A. MUSE** <br> **LA. DOC #502435** <br> **VS.** | **CIVIL ACTION NO. 3:09-CV-2230** <br><br> **SECTION P** <br><br> **JUDGE ROBERT G. JAMES** |
| **OUACHITA PARISH SHERIFF'S** <br> **DEPARTMENT, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff William A. Muse, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 23, 2009. When he filed the complaint, plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He was incarcerated at the Ouachita Parish Corrections Center (OPCC) when he signed his original complaint on December 14, 2009 and he was still incarcerated at OPCC when he mailed his complaint on December 21, 2009. [Doc. #1, pp. 9 and 14] However, he was transferred from the facility to an LDOC facility on the same date he mailed his complaint. Plaintiff was paroled from LDOC's physical custody on October 15, 2010, and he now resides in West Monroe. [Doc. #26]

Plaintiff complained that he was wrongfully punished for a disciplinary rules violation which was alleged to have occurred while he was a trusty at the OPCC in early December 2009. He also complained about conditions of confinement in OPCC's Administrative Segregation Cell B-1 and claimed that he was retaliated against when he continued to file administrative grievances complaining about the disciplinary conviction.

Plaintiff sued the Ouachita Parish Sheriffs Department, Ouachita Parish Sheriff Royce Toney, Chief Deputy Russell, OPCC Warden Brian Newcomer, Col. Harris, Lt. Stewart, and Cpl. Jenkins.

In his original complaint, plaintiff prayed for compensatory damages and injunctions directing the defendants to produce a copy of the inmate grievance he filed on December 3, 2009, and ordering them to abide by their own prison rules. He also requested an order directing the LDOC "... to provide [him] an environment or facility where plaintiff can be reinstated privileges." [Doc. #1, ¶V] In a subsequent pleading filed on January 29, 2010, plaintiff requested an injunction prohibiting the defendants from further investigating and prosecuting the alleged disciplinary rules violation. [Doc. #6] In a Supplemental Complaint plaintiff asked for an order directing the LDOC to reinstate the 90 days of good time that were forfeited at the conclusion of the disciplinary hearing. [Doc. #7]

On March 26, 2010, the undersigned recommended dismissal of plaintiff's complaint. The Report and Recommendation concluded that plaintiff was not eligible for reinstatement of good time credits because such relief was available only by way of *habeas corpus*. The Report further concluded that plaintiff's prayer for compensatory damages and declaratory relief with respect to the prison disciplinary conviction was barred by the doctrines set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 648-49, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). [Doc. #14] Plaintiff objected arguing that the Report and Recommendation failed to address plaintiff's claim that he was denied due process when he was placed in administrative segregation and his request for rescission and expungement of an LDOC disciplinary report [Doc. #15], nevertheless, on May 6, 2010, the Court, having concluded that those claims were in fact addressed, adopted the Report and Recommendation and rendered a judgment dismissing plaintiff's claims with prejudice. [Docs. #16 and 17]

Plaintiff appealed to the United States Fifth Circuit Court of Appeals and, on December 21,

2010, the Court affirmed the dismissal of the due process violations based on *Heck* v. *Humphrey*; the Court also affirmed the dismissal of his challenge to the loss of good-time credits and his claim that his due process rights were violated when he was placed in lock down. However, the Court observed that plaintiff's retaliation and conditions of confinement claims were not addressed and therefore remanded the matter for that purpose. *See William A. Muse v. Sheriff's Department Ouachita Parish, et al.*, No 10-30521 (5th Cir.) at Doc. #28.

Following remand, on January 24, 2011, the matter was again referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. [Doc. #29] On February 25, 2011, the plaintiff was ordered to amend his complaint within 30 days, or on or before March 28, 2011, to provide the facts necessary to complete a review of his retaliation and conditions of confinement claims.[1]  Plaintiff has not

---

[1] The Memorandum Order observed as follows:
"Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following:

(1) the name(s) of **each** person who allegedly violated plaintiff's constitutional rights;
(2) a description of what actually occurred or what **each** defendant did to violate plaintiff's rights;
(3) the place and date(s) that **each** event occurred; and
(4) a description of the alleged injury sustained as a result of the alleged violation.

Plaintiff has named the Ouachita Parish Sheriffs Department, Ouachita Parish Sheriff Royce Toney, Chief Deputy Russell, OPCC Warden Brian Newcomer, Col. Harris, Lt. Stewart, and Cpl. Jenkins as his defendants. However, he has not alleged specific fault on the part of **EACH** of these defendants. Plaintiff must allege facts sufficient to demonstrate what **EACH** defendant did to violate his rights. It appears that he has sued some of these defendants in their supervisory capacities. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of*

responded to the Memorandum Order directing him to amend, nor has he sought an extension of the time limit for responding to that order.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Plaintiff is no longer in custody. He was directed to provide the facts necessary to conclude

---

*Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). In other words, to the extent that plaintiff seeks to name supervisory officials as defendants, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by those defendants. Further, plaintiff has named the Ouachita Parish Sheriff's Department as a defendant; however, that entity is not a proper party to this suit and should be dismissed. *See Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 909 (E.D.La.2001) (the "Parish Sheriff's Department" is not a proper party defendant because "the law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff.")

Finally, plaintiff has not alleged any specific injury or harm resulting from his exposure to the conditions of confinement or from his retaliation claims. He should amend his complaint to provide this information." [Doc. #30]

whether his remaining claims should be served on one or more of the named defendants. He was given ample time to comply with the order and yet he chose to disregard it.

To the extent the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The requirements for a dismissal with prejudice are satisfied in this case. Since plaintiff is proceeding *in forma pauperis*, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Moreover, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action.

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, May 17, 2011.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE